UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re

      TIMOTHY M. HAYES d/b/a Hayes         09-14439 B
      Motor Car,


                  Debtor             <u>DECISION & ORDER</u>
----------------------------------------------------

           Amigone, Sanchez, Marttrey & Marshall LLP
           Arthur G. Baumeister Jr., Esq., of counsel
           1300 Main Place Tower
           350 Main Street
           Buffalo, NY 14202
           Attorneys for the Debtor

           Hiscock & Barclay, LLP
           Mark R. McNamara, Esq., of counsel
           1100 M&T Center
           3 Fountain Plaza
           Buffalo, NY 14203-1414

           Thomas M. Rizzo, Esq,
           3407 Delaware Avenue
           Kenmore, NY 14214

           Getman & Biryla, LLP
           Seth L. Hibbert, Esq., of counsel
           800 Rand Building
           14 Lafayette Square
           Buffalo, NY 14203-1995
           Attorneys for M&T Bank

           Damon & Morey LLP
           Beth Ann Bivona, Esq., of counsel
           The Avant building, Suite 1200
           200 Delaware Avenue
           Buffalo, NY 14202-2150
           Special Counsel to Thomas Webb Jr. as
           Executor of the Estate of Alex G. Schmidt

           John Janusz, Esq.
           IRS - Office of Chief Counsel
           300 Pearl Street, Suite 460
           Buffalo, NY 114202
           Attorney for the IRS

Bucki, Chief U.S.B.J., W.D.N.Y.

The present dispute involves the interplay between the Bankruptcy Code and state law regarding the imposition of an attorney's lien on the proceeds of a settlement. The deciding issue is whether 11 U.S.C. § 362(a) creates an automatic stay that precludes a post-petition attachment of such an attorney's lien.

Under New York law, telegraph and telephone corporations may use the power of eminent domain to acquire easements needed to erect, construct or maintain "necessary stations, plants, equipment or lines." N. Y. TRANSP. CORP. LAW § 27 (McKinney 1996). Having the status of a telephone corporation, Verizon New York, Inc., notified Timothy M. Hayes in the spring of 2009 that it intended to exercise its power of condemnation for the purpose of acquiring a permanent easement over a portion of business property on which Mr. Hayes operated an automobile repair shop at 3697 Delaware Avenue in the Town of Tonawanda, New York. Hayes then retained the services of attorney Thomas M. Rizzo and of attorney Mark R. McNamara, a partner with the firm of Hiscock & Barclay, LLP. Together, these lawyers promptly initiated negotiations with Verizon, for the purpose of setting an award of compensation. Before reaching a settlement, however, Timothy M. Hayes filed a petition for relief under Chapter 13 of the Bankruptcy Code on September 23, 2009.

On October 16, 2009, the attorneys for Verizon filed a motion seeking relief from the automatic stay to allow a continuation of eminent domain proceedings in state court. By agreement among the parties, however, the hearing on this motion was adjourned three times for settlement discussions. Ultimately, the debtor and Verizon agreed to resolve the dispute through a sale of the desired easement for a consideration of $100,000. After a hearing on notice to all creditors and parties in interest, this court granted the motion to approve the sale. However, pursuant to an order dated December 16, 2009, the proceeds of sale were placed into escrow, with all liens to attach to those proceeds until further order of this court.

The instant dispute arises from the debtor's motion dated January 26, 2010, for direction regarding the distribution of proceeds from the sale of the easement. Four parties have filed papers in response to that motion. Rizzo and Hiscock & Barclay assert attorney's liens in the amount of $5,000 apiece. They present no evidence of an assignment or security agreement, but instead claim a secured interest by operation of law. Specifically, they contend that the settlement proceeds are the product of their legal services, and should therefore be charged in the first instance with an attorney's lien for payment of their fees. M&T Bank holds a first mortgage on the Delaware Avenue property to secure a note on which the debtor owed a sum in excess of $110,000 as of the date of bankruptcy filing. M&T contends that its lien extends to any condemnation award, that New York law does not allow an attorney's lien in the present instance, and that in any event, a duly recorded mortgage would take priority over any lien for legal services. As holder of a second mortgage, the Estate of Alex G. Schmidt supports the arguments of M&T Bank. Hoping to enhance its own lien position, the Schmidt estate urges application of the entire proceeds toward payment of mortgage indebtedness in order of priority.

No one has disputed the relative priority of pre-petition encumbrances affecting the real property of the debtor. Rather, the present controversy relates only to whether legal fees should be treated as a lien on settlement proceeds before their distribution on account of perfected liens against the real estate itself. Because Rizzo and Hiscock & Barclay claim legal fees totaling only $10,000, the current dispute did not speak to application of sums in excess of that amount. Accordingly, at the initial hearing on the motion to authorize a distribution, this court directed payment of $90,000 to M&T Bank on account of its first mortgage, on condition that the debtor continue to hold $10,000 in escrow until a determination of the validity and priority of any attorney's liens.

At the start of its settlement negotiations with Hayes, Verizon presented an appraisal showing that the proposed easement had a fair market value of $48,000. Attorneys Rizzo and McNamara assert that their skillful representation produced a substantially greater settlement in the amount of $100,000, and that their legal fees should receive the benefit of a lien on the enhanced compensation that resulted from their efforts. M&T Bank and the estate of Alex G. Schmidt respond with two

arguments. First, they contend that section 475 of the New York Judiciary Law has codified the requirements for an attorney's charging lien, and that the statute grants a lien only to "the attorney who appears for a party" in "an action, special or other proceeding." However, Rizzo and Hiscock & Barclay never appeared in any eminent domain proceeding, but merely assisted with settlement negotiations. Hence, the mortgagors dispute the existence of any attorney's lien. Second, M&T Bank and the Schmidt estate argue that even if New York law were to recognize an attorney's lien, all previously perfected liens enjoy a priority that precludes any distribution on account of legal fees.

In this bankruptcy proceeding, the firm of Amigone, Sanchez, Mattrey & Marshall LLP has served as counsel of record for the debtor, so that any continuing representation by Rizzo or Hiscock & Barclay would have been in a capacity of special counsel. Although 11 U.S.C. § 327 requires court approval for the selection of counsel for a trustee or debtor in possession in Chapter 11, the Bankruptcy Code imposes no similar mandate on attorneys for a debtor in Chapter 13. 3 COLLIER ON BANKRUPTCY ¶327.05[3] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev., 2006). Nonetheless, fee arrangements may not violate other relevant provisions of the Bankruptcy Code.

The present dispute suggests novel and interesting questions of state law. Does the common law survive to allow an attorney's lien that is broader in scope than the lien arising under the New York Judiciary Law? Would the New York Court of Appeals allow priority to the alleged attorney's liens?[1] We need not now decide these issues, however, because the automatic bankruptcy stay precludes the post-petition attachment of such an encumbrance upon estate property.

As a general rule, attorney's liens in New York derive from the authority of Judiciary Law § 475, which states in relevant part but with emphasis added as follows:

> From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal department, except a department of labor, or the service of an answer containing a counterclaim, *the attorney who appears for a party has a lien* upon his client's cause of action, claim or counterclaim, which attaches to a

---

[1] Counsel for M&T Bank and for the Schmidt estate cite *In re Carver Houses*, 114 N.Y.S.2d 707 (Sup. Ct. 1952) in support of their argument that liens of record take priority over an attorney's lien. The parties fail to consider, however, whether *LMWT Realty v.Davis Agency*, 85 N.Y.2d 462 (1995) has effectively overruled the holding in *Carver Houses*.

> verdict, report, determination, decision, judgment or final order in his
> client's favor, and the proceeds thereof in whatever hands they may
> come; and the lien cannot be affected by any settlement between the
> parties before or after judgment, final order or determination. . . .

Here, neither Rizzo nor Hiscock & Barclay ever filed an answer or appeared on behalf of the debtor in any pre-petition proceeding. Hence, they are not parties who can derive benefit from Judiciary Law § 475. *Rodriguez v. City of New York*, 66 N.Y.2d 825 (1985). Instead, Rizzo and Hiscock & Barclay must rely upon their right to an attorney's lien under common law. However, in *LMWT Realty v. Davis Agency*, 85 N.Y.2d 462 (1995), the New York Court of Appeals observed that "[u]nder the common law, the attorney was only entitled to a lien upon the judgment." Prior to judgment, no charging lien would attach to the underlying cause of action. To the extent that the law of New York would allow an attorney's lien in the present instance, that lien could only arise at the point of recovery, an event that would occur after the commencement of bankruptcy proceedings. By that time, however, Rizzo and Hiscock & Barclay would encounter the limitations of 11 U.S.C. § 362.

Section 362(a) of the Bankruptcy Code states in relevant part that a bankruptcy petition "operates as a stay, applicable to all entities, of . . . . (4) any act to create, perfect, or enforce any lien against property of the estate." In *Lincoln Savings Bank v. Suffolk County Treasurer (In re Parr Meadows Racing Ass'n.)*, 880 F.2d 1540 (2nd Cir. 1989), the Court of Appeals held that this provision operated even to preclude the imposition of tax liens on real property. Although Congress subsequently adopted an exception from the automatic stay for the "creation or perfection of a statutory lien for an ad valorem property tax," 11 U.S.C. § 362(b)(18), the underlying principle continues to apply in the present instance. Section 362(a)(4) precludes the creation of an attorney's lien on property of the bankruptcy estate, even when state law requires no special act of perfection. As noted by the Court of Appeals, "even if it were possible to create and perfect a lien without any action . . . , that lien, attaching to the property postpetition, would still violate the automatic stay." 880 F.2d at 1545.

The issue now before the court is not whether Thomas M. Rizzo and Hiscock & Barclay, LLP, have a valid claim for legal services. Moreover, the debtor has filed asset schedules that suggest that these claims would need to be paid in full as part of a confirmed plan in Chapter 13. Rather, Rizzo

and Hiscock & Barclay ask for immediate payment from assets against which they assert an attorney's lien. For reasons stated herein, section 362(a) of the Bankruptcy Code has operated to stay the creation of that lien. Accordingly, these attorneys have no claim against proceeds of the sale to Verizon. The debtor must instead disburse these funds in order of priority to lienors of record as of the date of bankruptcy filing.

New York law might have compelled a different result if Rizzo or Hiscock & Barclay had appeared in the eminent domain proceeding prior to the start of bankruptcy. Upon such an appearance, Judiciary Law § 475 would have created a lien that attached to the debtor's "cause of action." LMWT Realty v. Davis Agency, 85 N.Y.2d 462, 467 (1995). Arguably, such a lien on the cause of action would then have attached to the proceeds derived through settlement. With no pre-petition appearance, counsel possessed no pre-petition attorney's lien. After the point of bankruptcy filing, the automatic stay precludes the creation of a lien, whether by reason of a late appearance in the state court proceeding or under common law upon the debtor's recovery of compensation. Nor do the present circumstances compel the court to disregard application of the automatic stay. The debtor included both Rizzo and Hiscock & Barclay on its schedules of creditors and on the mailing matrix. Despite having received notice of the bankruptcy, counsel continued to provide services without benefit of an order authorizing an attorney's lien. Thus, they proceeded with representation at their peril, with no assurance of secured status.

On the debtor's motion for direction regarding the distribution of proceeds, the objections of Thomas M. Rizzo and of Hiscock & Barclay, LLP, are overruled, while the objections of M&T Bank and the Estate of Alex G. Schmidt are sustained. Consequently, the remaining proceeds of sale shall be distributed to M&T Bank on account of indebtedness secured by its outstanding first mortgage.

So ordered.

Dated:       Buffalo, New York        /s/      CARL L. BUCKI
            July 7, 2010             Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.